Commonwealth, Appellant, *v.* Antoniewicz.

Argued April 26, 1968. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*William J. Stevens, Jr.,* Assistant District Attorney, with him *Michael J. Rotko,* Assistant District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellant.

*Bernard L. Segal,* with him *Needleman, Needleman, Segal & Tabb,* for appellee.

*Donald J. Goldberg,* for appellee.

*John W. Packel* and *Melvin Dildine,* Assistant Defenders, and *Herman I. Pollock,* Defender, for appellee.

OPINION PER CURIAM, August 6, 1968:

This is an appeal by the Commonwealth from an order entered by the court below granting appellees' petition for relief under the Post Conviction Hearing Act. The order as to the three appellees stated: ". . . the petition for post-conviction relief, as to each petitioner, is granted; that the judgments of sentence and the pleas of guilty heretofore entered are vacated; and that the petitioners are discharged."

We have thoroughly read and analyzed the briefs and records before us, and conclude that appellees are entitled to relief under the Post Conviction Hearing Act. However, the court below under the circumstances should not have discharged appellees, but rather should have afforded the Commonwealth the opportunity of pursuing a new trial. While the post-conviction hearing judge is empowered under the Post Conviction Hearing Act, Act of Jan. 25, 1966, P. L. (1965) 1580, 19 P.S. §1180-10, to order "appropriate relief and issue any supplemental orders as to rearraignment, retrial, custody, bail, discharge, correction of sentence, or other matters that are necessary and proper", we

are of the opinion that the discharge of appellees was improper. The record contains conflicting testimony with respect to the victims' cause of death, and only in the framework of a new trial, before a judge and jury can appellees' rights to a discharge be effectively and properly adjudicated. Therefore, we enter the following order: The petition for post-conviction relief is granted as to each petitioner, the sentences and guilty pleas entered heretofore are vacated and a new trial is granted.

Mr. Justice EAGEN and Mr. Justice ROBERTS dissent and would affirm the order of the court below.